Filed 9/30/14  P. v. Whit CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060571 |
| v. | (Super.Ct.No. FVA03996) |
| ALONZO WHIT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Patrick E. DuNah, under appointment by the Court of Appeal, and Alonzo Whit, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and Appellant Alonzo Whit filed a petition for resentencing pursuant to Penal Code section 1170.126.[1] The court denied the petition. After defendant filed a notice of appeal, this court appointed counsel to represent defendant on appeal.[2] Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, and identifying two potentially arguable issues: 1) whether the denial of a petition for resentencing pursuant to section 1170.126 is appealable;[3] and 2) whether the court erred in denying defendant's petition for resentencing.

We offered defendant the opportunity to file a personal supplemental brief, which he has done. In his brief, defendant argues insufficient evidence supports his convictions for attempted first degree burglary (count 1; §§ 664/459) and criminal threats (count 2;

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We note the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [appealable].) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will assume the order is appealable and review it on the merits.

[3] See footnote two for resolution of this issue.

§ 422). In addition, defendant contends the trial court erred in permitting the introduction of evidence of defendant's prior bad acts during trial. We affirm.

## FACTUAL AND PROCEDURAL HISTORY[4]

Defendant and the victim had previously dated for four years. On April 8, 1995, defendant called the victim several times attempting to rekindle the relationship. The victim told him she had a new boyfriend. Defendant became angry, calling her numerous times and eventually saying "It's on."

While defendant and the victim were together, defendant engaged in four separate incidents of abuse against the victim prior to which he would say "It's on." These acts included hitting her, hitting her with a rock, hitting her with a gun, stabbing her with a knife, and threatening her with a knife. The incidents produced in the victim a mental state which caused her to be in sustained fear whenever she heard defendant say "It's on."

About 15 minutes after the last phone call from defendant, defendant began knocking on the door. When no one answered, he began pounding on the door and broke its paneling. He repeatedly said "It's on." Defendant pointed at the victim through a hole in the door and said ""'I'm going to kill you, . . .'" She was afraid because she knew that

---

[4] Defendant failed to attach to his petition any documentation regarding his commitment offenses or prior strike convictions. We take judicial notice of our opinion from defendant's appeal of his conviction on the commitment offenses. (*People v. Whit* (June 18, 1997, E017117) [nonpub. opn.].) (Evid. Code, § 452, subd. (d), [Judicial notice may be taken of the records of any court of this state.].) Our factual history is taken predominantly from that source.

defendant made good on his threats."

Two other witnesses inside the victim's home at the time corroborated the victim's account. One witness testified defendant kicked the door off its hinges after he broke the panel and threatened to kill her mother. Another testified he saw defendant break the door, kick it off the bottom hinges, and threaten to kill everyone in the room. "When defendant left, he said that he would be back, and that he was going to get someone or something. His tone was extremely violent." The victim called the police and defendant was apprehended nearby.

At trial, the court admitted the evidence of defendant's prior acts of violence against the victim to prove defendant's intent and to show a common plan or design. The court also allowed defendant's testimony to be impeached with evidence of his "1982 convictions for robbery (Pen. Code, § 211), rape in concert (Pen. Code, § 264.1) and his 1992 conviction for being a felon in possession of a firearm (Pen. Code, § 12021)."

The trial court sentenced defendant to an indeterminate term of 50 years to life consisting of consecutive terms of 25 years to life on each count on which he was convicted.[5] On appeal from his convictions in the commitment offenses, defendant

---

[5] Our opinion conflicts with respect to the sentence defendant received. In our opinion, defendant's sentence is reflected as consisting of concurrent 25 years to life terms and a consecutive one-year term for a prior prison term enhancement (§ 667.5, subd. (b)). It is unclear whether the sentencing minute order in the record dated August 15, 1995, reflects an original sentence which was later modified or whether our opinion misstates the sentence defendant received.

4

contended the prior acts against the victim and his prior criminal record should have been excluded from evidence. We rejected these contentions and affirmed the judgment. The trial court rejected defendant's petition for resentencing finding "[d]efendant's current commitment offense is for Attempted First Degree Residential Burglary ([§§] 664/459) and Criminal Threats ([§] 422). Each charge is a serious felony [and defendant] is therefore statutorily ineligible for re-sentencings under [section] 1170.126."

DISCUSSION

First, the court below correctly determined defendant was statutorily ineligible for resentencing pursuant to section 1170.126. Here, both of defendant's commitment offenses, attempted first degree burglary and criminal threats, are violent and/or serious crimes which made him ineligible for resentencing. (§§ 1170.126, subd. (e), 1192.7, subd. (c)(18) & (39) [Defendant ineligible for resentencing if sentence was imposed for felony defined as serious and/or violent such as "any attempt to commit a crime listed in this subdivision" such as "any burglary of the first degree . . . ."]; 1192.7, subd. (c)(38) [Defendant ineligible for resentencing if sentence was imposed for felony defined as serious and/or violent such as "criminal threats, in violation of Section 422 . . . ."].)

Second, defendant's complaints regarding the evidence of prior bad acts adduced against him at trial are not relevant to section 1170.126 resentencing procedures and were already rejected on appeal. (See *In re Waltreus* (1965) 62 Cal.2d 218, 225 ["These arguments were rejected on appeal, and habeas corpus ordinarily cannot serve as a second appeal." [Citation.].) Third, defendant's complaints regarding the sufficiency of the

evidence against him regarding the commitment offenses are not relevant to section 1170.126 resentencing procedures and could have been raised on appeal. (See *In re Dixon* (1953) 41 Cal.2d 756, 759 ["The general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction. [Citations.]"].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____
J.

We concur:


RAMIREZ _____
         P. J.


KING _____
         J.